McLENNAN COUNTY v. BOGGESS et al.

(Court of Civil Appeals of Texas. Austin. June 21, 1911. On Motion for Rehearing, Oct. 11, 1911.)

JUSTICES OF THE PEACE (§ 16*)—COMMISSIONS ON FINES—STATUTES.

Code Cr. Proc. 1895, art. 1144, allowing an officer collecting money for the state or county 5 per cent., does not authorize more than one commission for fines collected in justices' courts, and a justice retaining 5 per cent. of the fines collected cannot pay the constable 5 per cent., but he must pay the district or county

attorney 10 per cent. as required by article 1143, and pay 85 per cent. to the county.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 16.*]

Appeal from McLennan County Court; Thos. P. Stone, Special Judge.

Action by McLennan County against Albert Boggess and others. From a judgment for defendants, plaintiff appeals. Reversed and rendered.

See, also, 137 S. W. 346.

J. N. Gallagher, for appellant. O. L. Stribling and Cross, Gross & Street, for appellees.

KEY, C. J. This case involves but one question, which has been certified to and decided by the Supreme Court (137 S. W. 346). That decision is in favor of appellant. The case is here upon findings of fact which show the exact amount appellant is entitled to recover from the different appellees.

The judgment of the trial court is reversed, and judgment here rendered for appellant, in accordance with the facts so found.

Reversed and rendered.

On Motion for Rehearing.

Notwithstanding the fact that the Supreme Court held on certified question that appellee Boggess, a justice of the peace, was not entitled to the commission allowed by article 1143 of the Code of Criminal Procedure of 1895, to the clerk of the court in which judgments are rendered, which was the defense interposed and relied on by appellees, it is now contended on motion for rehearing, that Boggess was entitled to retain 5 per cent. of the moneys referred to under article 1144 of the Code of Criminal Procedure, which reads: "The sheriff or other officer who collects money for the state or county under any of the provisions of this Code, except jury fees, shall be entitled to retain five per cent. thereof when collected." By article 1143 the district or county attorney is allowed 10 per cent. of the moneys referred to; and, if Boggess was not allowed to retain 5 per cent. as clerk of his court, then he should have paid to the county 85 per cent. of the moneys referred to in the findings of fact. The facts show that he paid to the county only 80 per cent., and paid to the county attorney 10 per cent. and to the constable 5 per cent. and retained another 5 per cent. for himself. It is stated in the motion for new trial that the Attorney General's department has recently held that, when a justice of the peace collects a fine from the party against whom it has been adjudged by a judgment of his court, he is entitled to 5 per cent. thereof under article 1144. That ruling may be entirely correct, but, if so, it furnishes no reason for setting aside the judgment rendered by this court against Boggess and the sureties upon his official bond. If he was entitled to 5 per cent. commission under article 1144, then

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

the constable was not entitled to the 5 per cent. commission which Boggess paid to him. It was not lawful to take more than one commission from the fines for collecting the same, and, adding to that 10 per cent. for the county attorney, left 85 per cent. thereof due the county, while Boggess has only paid to the county 80 per cent.

The motion for rehearing is overruled.